```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

TODD ALEXANDER BLANK,              §
(Tarrant # 0337992)                §
VS.                                §   CIVIL ACTION NO.4:05-CV-604-Y
                                   §
                                   §
FEDERAL EXPRESS                    §
CORPORATION, et al.                §
```

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Todd Alexander Blank, an inmate presently housed at the Tarrant County jail, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Blank initiated this action with the filing, on September 22, 2005, of a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. Blank names as defendants Federal Express Corporation, Crawford and Company, Ace America Insurance Company, and Linda Jo Lopez. (Compl. Style; ¶ IV(B).) Blank alleges that on May 21, 2005, the vehicle in which he was a passenger was "slammed into" by a Federal Express truck driven by Linda Jo Lopez. (Compl. § V.) Blank seeks damages of $750,000. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[3] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[4] After review and consideration of Blank's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[5] Blank has failed to satisfy the first element. Blank has not alleged that any defendant violated a constitutional or federal right, and the listed factual allegations do not state such a claim. Also, Blank has failed to allege facts to show that any defendant acted under color of law.  Thus, Blank's claims asserted through 42

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[4]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

2

U.S.C. § 1983 against these defendants must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Blank has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331. Because plaintiff Blank has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.

In order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state and the defendants are citizens of another.[6] Complete diversity of citizenship is required, a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.[7] Although Plaintiff listed out-of-state addresses for two of the corporate

---

[6]*See* 28 U.S.C. § 1332(a)(1)(West 1993 and West Supp. 2005).

[7]*See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992), *citing Strawberry v. Curtiss,* 7 U.S. 267 (1806).

defendants, he listed a Texas address for himself, and a Keller, Texas address for individual defendant Linda Jo Lopez. Blank has not otherwise asserted any facts to support jurisdiction on the basis of diversity of citizenship. Thus, any other claims must be dismissed for lack of subject matter jurisdiction.

Therefore, all claims under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE to their being refiled under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

To the extent Plaintiff asserts other claims, they are DISMISSED WITH PREJUDICE to the right to refile in federal court for lack of subject matter jurisdiction.

SIGNED October 27, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE